United States District Court
Southern District of Texas
**ENTERED**
July 03, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FARIBORZ CHAFI, | § § § | |
| Plaintiffs, | § | |
| v. | § | CIVIL ACTION NO. H-23-1434 |
| UNIVERSAL SURGICAL ASSISTANTS, INC., | § § § § | |
| Defendant. | § § § | |

**MEMORANDUM AND ORDER**

This is an FLSA case alleging that the defendant, Universal Surgical Assistants, Inc., failed to pay its former employee, Fariborz Chafi, a Licensed Surgical Assistant, the overtime rate of one- and one-half times his hourly rate for hours worked over 40 hours in a work week. (Docket Entry No. 6); 29 U.S.C. § 207(a)(2). Universal denies that Chafi worked enough hours to trigger overtime pay rates. (Docket Entry No. 11). Chafi also alleges that he was fired in retaliation for complaining about Universal's alleged failure to pay overtime hours at overtime rates, and about Universal's refusal to pay for time spent "on call," when Chafi was not required to be at the hospital but was required to be close enough to get there within 30 minutes of receiving an emergency call. Universal responds that Chafi voluntarily quit because Universal did not pay for the time Chafi was "on call." (Docket Entry No. 15 at 7-13). Universal has moved for summary judgment on Chafi's claims for unpaid compensation and retaliation and to dismiss Chafi's claim for a declaratory judgment invalidating his noncompete agreement for lack of subject matter jurisdiction. (Docket Entry No. 15).

Based on the pleadings, motions, briefs, argument, record, and applicable law, the court finds that the undisputed facts show that, as a matter of law, Chafi was paid in accordance with the FLSA. There is, however, a factual dispute as to whether Chafi voluntarily quit or whether he was terminated in retaliation for complaining about a protected right. The declaratory judgment claim as to the noncompete provision in Chafi's Third Employment Agreement is moot. The reasons for these rulings are stated below.

## I.    Background

Universal Surgical is a Texas company that provides Licensed Surgical Assistants and other certified and registered assistants and nurse practitioners to assist physicians and surgeons in different medical practices. (Docket Entry No. 15 at 2). Chafi signed several Employment Agreements before and after he started work for Universal on August 24, 2020, as a Licensed Surgical Assistant. (*Id.* at 2-5). The First Agreement provided that Universal would pay Chafi $100,000 annually, subject to increase or decrease depending on performance reviews. (*Id.* at 2-3). The Agreement required Chafi to stay in the operating rooms "for as long as the surgical procedure remains in progress or until the surgeon dismisses him/her from [the] case for any reason"; that he "abide by the mandatory on-call schedule distributed on a monthly basis"; that he "be present in operating rooms at least 30 minutes prior to the scheduled start of a surgical procedure"; and that he be "within 30 minutes of an emergency call from the hospital" when he was on call. (*Id.* at 3). Under the Agreement, Chafi had to "maintain logs and reports of the cases" in which he assisted. (*Id.*).

The First Agreement was amended in May 2021, making all Universal employees subject to the contractor compensation rate of $80,000. (*Id.* at 4). The pay reduction was in response to a business slowdown due to COVID-19. (*Id.*). Chafi again agreed to stay in the operating room for

each procedure "as long as the surgical procedure remains in progress or until the surgeon dismisses him/her from [the] case for any reason, follow the on-call schedule distributed each month," and that he "be within 30 minutes of the hospital when he was on call. (*Id.*). Again, Chafi had to "maintain logs and reports" of the cases he worked on. (*Id.* at 3).

From December 2020 to May 2021, Universal offered "call pay," or compensation for the time that a Surgical Assistant was not working in the hospital but had to be close enough to get there within 30 minutes of receiving an emergency call. (*Id.* at 5). That practice ended in May 2021. After that date, Universal paid the Surgical Assistants for the time they spent in surgical procedures, but not for the time that they were on call.

The parties entered into a revised agreement, the Second Agreement, in July 2021. (*Id.* at 4). That Agreement treated Chafi as a W-2 employee, paid $90,000 annually, payable biweekly. (*Id.*). The time-related requirements remained the same as in the First Agreement. (*Id.*). The Second Agreement included a longer noncompete period after employment at Universal ended. (*Id.*).

The parties entered into a Third Agreement in November 2021. (*Id.*). This Agreement provided that Universal would pay Chafi $125,000.00 yearly, payable biweekly. (*Id.* at 5). The same time requirements and noncompete provision applied. (*Id.*).

On September 9, 2022, Chafi received a telephone call from the divisional manager, Carlos DeLeon, and the CEO, Dr. Mubashir Chaudhry. (*Id.*). The Universal HR manager, Lin Mi, listened in. (*Id.*). Chafi complained that Universal had offered call-pay for only a short period, from December 2020 to May 2021. (*Id.*). At that point in the conversation, according to Chafi, Dr. Chaudhry fired him. (Docket Entry No. 20 at 4). At that point, according to Dr. Chaudry and another employee on the call, Chafi stated that he was quitting when he was told that call-pay

would not be restored. (Docket Entry Nos. 15-4; 15-6; 15-8, 15-9). In a later call among the same three men, Chafi again expressed dissatisfaction with his work schedule and the absence of call pay, and, despite being offered another opportunity to stay with the company, decided "to separate from Universal immediately." (Docket Entry Nos. 15-4; 15-6; 15-8). Chafi's version of this later conversation is that when he again expressed dissatisfaction with the absence of call pay and with his schedule, Dr. Chaudhry told Chafi that he was dismissed, for "multiple reasons." (Docket Entry No. 20 at 4).

This lawsuit followed. Chafi alleges that he was not paid overtime wages for hours worked over 40 in a work week, violating the FLSA. (Docket Entry No. 6) He alleges he was retaliated against for complaining about the failure to pay overtime and about the refusal to pay for on-call time. (*Id.*) He seeks back and front pay, liquidated, compensatory, and punitive damages, and costs and fees. (*Id.*) Chafi also seeks a declaratory judgment that the noncompete terms of the Agreements he signed were invalid. Because Universal has not sought to enforce the noncompete provisions against Chafi's subsequent employment and has stated that it does not intend to do so, the declaratory judgment claim is moot. (Docket Entry No. 15 at 6).

I.      **The Rule 56 Standard**

"Summary judgment is appropriate where 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Springboards to Educ., Inc. v. Pharr-San Juan-Alamo Indep. Sch. Dist.*, 33 F.4th 747, 749 (5th Cir. 2022) (quoting Fed. R. Civ. P. 56(a)). "A fact is material if it might affect the outcome of the suit and a factual dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Thompson v. Microsoft Corp.*, 2 F.4th 460, 467 (5th Cir. 2021) (quoting reference omitted). The moving party "always bears the initial responsibility of

4

informing the district court of the basis for its motion[] and identifying" the record evidence "which it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"When 'the non-movant bears the burden of proof at trial,' a party moving for summary judgment 'may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is [a dispute] of material fact warranting trial." *MDK S.R.L. v. Proplant Inc.*, 25 F.4th 360, 368 (5th Cir. 2022) (alteration in original) (quoting reference omitted). "However[,] the movant 'need not negate the elements of the nonmovant's case.'" *Terral River Serv., Inc. v. SCF Marine Inc.*, 20 F.4th 1015, 1018 (5th Cir. 2021) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam)). "If 'reasonable minds could differ' on 'the import of the evidence,' a court must deny the motion." *Sanchez v. Young County*, 956 F.3d 785, 791 (5th Cir. 2020) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250–51 (1986)).

After the movant meets its Rule 56(c) burden, "the non-movant must come forward with 'specific facts' showing a genuine factual issue for trial." *Houston v. Tex. Dep't of Agric.*, 17 F.4th 576, 581 (5th Cir. 2021) (quoting references omitted). The nonmovant "must identify specific evidence in the record and articulate the 'precise manner' in which the evidence" aids their case. *Shah v. VHS San Antonio Partners, L.L.C.*, 985 F.3d 450, 453 (5th Cir. 2021) (quoting reference omitted). All reasonable inferences are drawn in the nonmovant's favor. *Loftin v. City of Prentiss*, 33 F.4th 774, 779 (5th Cir. 2022). But a nonmovant "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Jones v. Gulf Coast Rest. Grp., Inc.*, 8 F.4th 363, 369 (5th Cir. 2021) (quoting reference omitted).

I.  Analysis

Chafi is not an exempt employee under the FLSA. Although he is certified as a Licensed Surgical Assistant, the certification does not require a specialized academic degree. (Docket Entry No. 5-6). Chafi has an associate degree from a community college and has taken a one-year online course on surgical technology. (*Id.*). The learned professional exemption under the FLSA requires the employee perform work with advanced knowledge "customarily acquired by a prolonged course of specialized intellectual instruction." *Clark v. Centene Co. of Texas*, L.P., 44 F. Supp. 3d 674, 679 (W.D. Tex. 2014), *aff'd*, 656 F. App'x 688 (5th Cir. 2016) (quoting 29 C.F.R. § 541.301(a)). Chafi's accomplishments do not qualify him for the learned professional exemption under the FLSA.

One issue, apparently no longer disputed, was whether Chafi was entitled to pay for the time he was on-call, away from the hospital with no restriction on his movement other than that he had to be at the hospital within 30 minutes after receiving a call that he was needed to assist in an emergency surgery. (Docket Entry No. 6). Although Universal did provide call-pay for a five-month period, its decision to stop that practice did not violate the FLSA. (Docket Entry No. 15 at 5). Courts have held that the time an employee must be available when called does not qualify for FLSA overtime compensation. *See, e.g.*, *Norton v. Worthen Van Service, Inc.*, 839 F.2d 653, 654 (10th Cir. 1988) (on-call time during which "drivers must be near enough to the employer's premises to be able to respond to calls within fifteen to twenty minutes" was not FLSA overtime); *Wesley v. Experian Info. Sols. Inc.*, No. 4:18-CV-00005, 2021 WL 765224, *6-8 (E.D. Tex. Feb. 26, 2021) (on-call time when the plaintiffs were required to respond within eight to fifteen minutes of receiving a call was not covered by the FLSA overtime provisions); *Sbarbaro v. Choice Hotels Int'l, Inc.*, No. 4:21-CV-2766, 2024 WL 1587469, at *1-2 (S.D. Tex. Apr. 11, 2024) (an employee

required to be at work within thirty minutes of receiving a call was not "working" during that time for the purpose of the FLSA).

The Fifth Circuit has held that when employees spend on-call time at home or other locations of their choosing, that time is not compensable "working time" for the purpose of the FLSA overtime provisions. *Bright v. Houston Nw. Med. Car. Survivor,* Inc., 934 F.2d 671, 674-76 (5th Cir. 1991) ("as a matter of law the plaintiff . . . could use the time effectively for her own purposes and that she was hence not entitled to recover"). Typically, only employees who have almost no freedom during their on-call time receive compensation for that time. *Id.* at 676 (citing *Halferty v. Pulse Drug Co.,* 864 F.2d 1185, 1189). Chafi's movements and activities were not so burdened as to qualify as compensable "working time" because Chafi could use the time for his own purposes, at locations of his choosing, so long as these locations allowed him to get to the operating room within 30 minutes after receiving a call for an emergency surgery. *Id.*

The Amended Agreements required Chafi to be present in a surgery operating room for as long as a surgical procedure was in progress, or the surgeon dismissed him. (Docket Entry No. 15 at 4-5). The Agreements did not require Chafi to work from 7:00 a.m. to 5:00 p.m. Monday through Friday, but instead to be in the operating room 30 minutes before the scheduled start of a surgery and to be in the operating room within 30 minutes of receiving a call that he was needed for an emergency surgery. (*Id.*; Docket Entry No. 20 at 1). The time Chafi was in the operating rooms was compensable. (Docket Entry No. 15 at 4-5). But the evidence is undisputed that it was up to Chafi to log his hours in the hospital and operating rooms and report those hours to Universal. (*Id.* at 3-5). The record contains the spread sheets showing the amount of time Chafi worked each week. (Docket Entry No. 16-2). The evidence shows that he recorded when he began assisting a surgical procedure, when he ended, the duration, and the details of each surgery he assisted. (*Id.*).

7

The evidence does not show that he worked in excess of 40 hours in a work week, much less that he worked over 50 hours every work week. (*Id.*). Universal's motion for summary judgment is granted as to the FLSA overtime claim.

Universal also moves for summary judgment on Chafi's retaliation claim, arguing that he did not engage in a protected activity and that he voluntarily quit. The Fifth Circuit has held that a protected activity requires an employee to "step outside his or her role of representing the company by either filing (or threatening to file) an action adverse to the employer, … by … engaging in activities that reasonably could be perceived as directed towards the assertion of rights protected by the FLSA." *Hagan v. Echostar Satellite, L.L.C.*, 529 F.3d 617, 627–28 (5th Cir. 2008) (quoting *McKenzie v. Renberg's Inc.*, 94 F.3d 1478, 1486–87 (10th Cir. 1996)). The fact that Chafi's complaints about his entitlement to overtime or on-call pay did not amount to an FLSA violation is not dispositive, because "[t]he FLSA does not require that a plaintiff successfully prove a claim for overtime under the FLSA, but merely that the plaintiff prove he was engaged in a protected activity." *Little v. Tech. Specialty Prod., LLC*, 940 F. Supp. 2d 460, 478 (E.D. Tex. 2013). The record shows a factual dispute as to whether Chafi engaged in a protected activity in the September 9 call because the parties dispute what Chafi said on the call.

There is also a factual dispute as to whether Chafi was fired or voluntarily resigned. Chafi alleges that Dr. Chaudhry fired him when he complained about his pay and schedule. Chafi refers to an audio recording, which is not provided in the summary judgment evidence, of a later conversation purporting to show that his termination was involuntary. (Docket Entry No. 20 at 4). Universal alleges that Chafi quit and provides declarations from those on the telephone calls testifying that Chafi announced his decision to quit when told that Universal would not pay for on-

call time or otherwise change its schedule and pay policies. (Docket Entry Nos. 15-4; 15-6; 15-8, 15-9). Based on the current record, summary judgment is denied as to the retaliation claim.

Finally, Universal moves to dismiss Chafi's declaratory judgment claim invalidating the noncompete provision in the Third Agreement on the basis that the dispute is not ripe. "In the declaratory judgment context, whether a particular dispute is ripe for adjudication turns on whether a substantial controversy of sufficient immediacy and reality exists between parties having adverse legal interests." *Venator Group Specialty, Inc. v. Matthew/Muniot Family, LLC*, 322 F.3d 835, 838 (5th Cir. 2003). Universal states that it "has made the decision to allow Chafi to compete by seeking employment with a direct competitor of Universal and Universal has not brought any sort of breach of contract action against Chafi." (Docket Entry No. 15 at 16). Chafi's declaratory judgment claim is moot.

Universal's motion for summary judgment, (Docket Entry No. 15), is granted in part and denied in part. The claim for a declaratory judgment is denied as moot. Summary judgment is granted dismissing Chafi's claim that his compensation violated the FLSA. Summary judgment is denied as to Chafi's claim that he was fired in retaliation for complaining about his compensation.

SIGNED on July 3, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge